IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ORDER |
| Plaintiff, | |
| | 12-cr-155-wmc |
| v. | |
| MELVIN THOMAS, | |
| Defendant. | |

The court held an *ex parte* hearing today on *pro se* criminal defendant Melvin Thomas's request for a fifth court-appointed lawyer to represent him in the above-captioned matter. (Dkt. #126.) Appearing with Mr. Thomas was his court-appointed standby counsel, Reed Cornia. Despite failing to establish good grounds for any further appointment, the court agreed to give Mr. Thomas one *last* opportunity for legal representation in this criminal matter by formally appointing Mr. Cornia as his counsel under specific terms and conditions set forth below.

BACKGROUND

The court will not rehash the lengthy record of Mr. Thomas's repeated inability to work cooperatively with four previous, separately-appointed attorneys, which yielded an ultimate determination by Magistrate Judge Crocker that Mr. Thomas waived the right to representation by his own conduct. (Dkt. #122.) In response to Judge Crocker's ruling, Thomas subsequently requested a mental health evaluation, claiming that he was not fit to represent himself. (Dkt. #118.) Granting that motion, the court ordered that Mr. Thomas undergo a mental health examination to address:

1

> (i) whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and
>
> (ii) if the answer to the question in paragraph 2(e)(i) above is "No," whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to conduct trial proceedings by himself.

(Dkt. #122)

On November 20, 2014, Dr. Michael J. Spear found Thomas was not only competent, but manifested no major mental illness, suggesting no reason that he would be incapable of providing his own defense.

## OPINION

Even so, Mr. Thomas is obviously better served by representation of counsel than by proceeding on his own, but this is a different question than whether Mr. Thomas has a "severe mental illness" that *prevents* him from representing himself at trial, however. The mental health examination ordered by this court concluded not only that he was competent to stand trial, but also found no mental illness preventing him from representing himself. Accordingly, the court rejects Thomas's most recent, superficial attempt to muddy the record by questioning how the doctor conducted the examination and arrived at his conclusions. In particular, the court agrees with Thomas that his many limitations, including repeated demonstrations of poor judgment and an inability or unwillingness to act in his own best interest, make his proceeding to represent himself particularly ill-advised.

2

ORDER

Accordingly, IT IS ORDERED THAT Attorney Reed Cornia, who is currently acting as standby counsel to Mr. Thomas, is appointed to act as his counsel in this matter going forward under the following terms and conditions:

1. This court will make no further appointment of counsel for Mr. Thomas in this matter. Should he be unable to accept Mr. Cornia's representation, he will *de facto* be deemed to have waived his right to counsel.

2. Mr. Thomas is again admonished of the importance of legal counsel in a criminal case, not only as a constitutional right, but as far and away the best way for Thomas to ensure his legal rights are protected, to make informed choices in the exercise of those rights, and to put on the best defense possible to the charges against him.

3. Given this court's repeated admonitions and previous opportunities to be represented by counsel, *no* other counsel will be appointed to represent him in this matter should he again seek to represent himself by (a) preventing Mr. Cornia from acting as his counsel consistent with his ethical obligations and duties as an officer of this court, (b) seeking appointment of new counsel, (c) compelling Mr. Cornia to seek relief from representation for good cause, or (d) engaging in other misconduct. In that event, Mr. Cornia may continue to act as standby counsel for Mr. Thomas at trial, or be reappointed as counsel, should Thomas prove unwilling or unable to conduct himself with appropriate deference to the procedures and

expectations of the court.

4. While the trial scheduled in this matter for February 9, 2015, will remain the same, defendant may have until Monday, January 26, 2015, to (a) supplement his objections to Judge Crocker's Report and Recommendation (dkt. #129); and (b) submit any and all motions *in limine* and any proposals regarding jury instructions or voir dire questions.  In addition, the final pretrial conference before Judge Crocker in this matter is rescheduled for Thursday, January 25, 2015, at 10:30 a.m.  All other deadlines in this matter shall remain the same, including the February 3, 2015, at 3:00 p.m final hearing before me.

Entered this 22nd day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge