IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                   Plaintiff,                 OPINION & ORDER

  v.

                                                          12-cr-155-wmc

MELVIN THOMAS,

                   Defendant.
─────────────────────────────────────────────────────────

      Following a determination that defendant Melvin Thomas had effectively waived his right to be represented by counsel in this matter, this court ordered a mental health examination to determine Thomas's competency, in substantial part at his behest. The court actually sought two, separate opinions from the examiner:

> (i) whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and
>
> (ii) if the answer to th[at] question . . . is "No," whether defendant is suffering from *a mental disease or defect* rendering him mentally incompetent to the extent that he is *unable* to conduct trial proceedings by himself.

(Nov. 5, 2014 Opinion & Order (dkt. #122) 2 (emphasis added).)

      Subsequently, Thomas was examined by Dr. Michael J. Spierer, Ph.D., who issued a formal psychological report on November 20, 2014. (Dkt. #124.) That report appears to have focused on the first of the requested opinions (i), by opining that Thomas was competent to *stand trial*, although Dr. Spierer also found that Thomas exhibited no "major mental illness." Thomas has since challenged the adequacy of the evaluation as to his ability to represent himself in at least one written filing *and* during an ex parte hearing on

January 22, 2015, arguing both that the report reaches no opinion on the second question and that he is not mentally fit to represent himself in court. (*See, e.g.*, Letter (dkt. #126) 2-3.)

In response to those concerns, as well as Thomas's seeming unwillingness to let go of pretrial evidentiary issues that he had already lost and preserved for appeal, the court allowed standby counsel to take over Thomas's representation at Thomas's request, with the understanding that *no* other counsel would be appointed should the relationship break down. Nevertheless, Thomas has since again pressed the issue of his competence to represent himself. (*See,* Letter (dkt. #137) 1.) Because Thomas's track record does not encourage optimism with regard to counsel's ability to work with him, in light of the unprecedented (for this court) *fifth* appointment of counsel, the court will order Dr. Spierer to clarify any ambiguity that arguably exists in his original report as to whether Thomas is unable to represent himself.

For clarity, this second request pertains less to Thomas's general competency to represent himself at trial effectively, a question that might be raised as to *most* of the population, particularly in a criminal matter, and more to the court's power to require counsel to continue to represent Thomas *despite* his exercise of the right to self-representation because he "is suffering from a 'severe mental illness.'" *See United States v. Berry*, 565 F.3d 385, 391 (7th Cir. 2009); *see also Indiana v. Edwards*, 128 S. Ct. 2379 (2008). Again, Dr. Spierer's original report may have implicitly, if not explicitly, answered this question by virtue of his stating that Mr. Thomas "does not manifest a major mental illness." (Psychological Report (dkt. #124) 5.) In an abundance of caution, however, and to ensure clarity in the record, the court will order that the examiner, Dr. Spierer, offer a

formal opinion as to whether Thomas is suffering from a "severe mental illness" that would render him unable to conduct trial proceedings by himself.

ORDER

IT IS ORDERED that Dr. Spierer render a written opinion as soon as practical addressing whether Thomas is suffering from a "severe mental illness" that renders him unable to conduct trial proceedings by himself.

Entered this 30th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge