IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

    v.                                                  12-cr-155-wmc

MELVIN THOMAS,

                Defendant.

---

A final hearing was held yesterday in the above-captioned matter. The government appeared by Assistant United States Attorneys David Reinhard and Elizabeth Altman; defendant appeared in person and by Attorney Reed Cornia. This order memorializes the court's rulings at that hearing.

I.     Government's Motions in Limine

    A.     Exclude Discussion of Illegal Wiretapping and Edward Snowden (dkt. #138)

Thomas previously pressed a theory that the government illegally wiretapped his phone to acquire evidence. In adopting Judge Crocker's R&R, the court explained that the purportedly illegal wiretapping was "no longer material to a trial of Thomas's case."[1] (Feb. 20, 2015 Opinion & Order (dkt. #165) 6.) While Thomas may certainly appeal

---

[1] Thomas's third attorney, Anthony Delyea, briefly raised the illegal-wiretapping theory when he sought to have the case declared complex in April of 2014. Judge Crocker denied the request to have the case declared complex on April 21, 2014, finding that there was no evidence the NSA was involved in Thomas's case in any way. (Dkt. #72.) Attorney Delyea brought a renewed motion on May 5 (dkt. #74), but when he withdrew, that motion was denied as moot. (Dkt. #83.)

the denial of his original motion on these subjects, the court agrees they are not proper subjects of this trial.

  **B.** **Exclude Discussion of Denial of Right to Speedy Trial (dkt. #139)**

Thomas has filed at least two motions demanding a speedy trial in the past. Because of the exclusion of time from the clock, much if not all by virtue of defendant's repeated requests for new counsel and additional time to prepare, however, there has been no speedy trial violation. Accordingly, Thomas will be precluded from arguing that his speedy trial rights were violated, and this motion will also be granted.

  **C.** **Exclude Claims of Incompetence (dkt. #140)**

The government asks that we preclude Thomas from claiming he is incompetent to represent himself or to stand trial. Dr. Spierer previously found both that Thomas is competent to stand trial (dkt. #124) and that he is competent to conduct trial proceedings on his own (dkt. #163). Again, Thomas has preserved these issues for appeal, but they are not proper subjects for the jury.

  **D.** **Exclude Discussion of Denial of Counsel (dkt. #141)**

Because Thomas is currently represented, this motion is moot. Furthermore, this is an issue for the court and not the jury. Accordingly, this motion, too, will be granted.

  **E.** **Exclude Claims of Illegal Search (dkt. #142)**

The court previously adopted Judge Crocker's R&R on the legality of the search of Thomas's home under the Fourth Amendment. (Dkt. #165.) This motion will also be

granted in light of that ruling, and in light of the search's lack of relevance to the question of guilt or innocence that the jury is being asked to decide.

### F. Exclude Claims of Outrageous Government Conduct (dkt. #143)

The government is correct that the "defense of outrageous government conduct" does not exist in this circuit. *United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995). Therefore, the motion will be granted with respect to Thomas's claims that the government unlawfully placed a GPS on his vehicle, prosecuted him illegally and withheld documents from him, as well as with regard to any similar topics related to the government's purported misconduct as set forth above or elsewhere in this record.

### G. Exclude Testimony and Argument as to the Definition of Reasonable Doubt (dkt. #144)

"The Seventh Circuit has repeatedly held that it is inappropriate for the trial judge to attempt to define 'reasonable doubt' for the jury." 7th Circuit Pattern Criminal Jury Instructions § 1.04, cmt., *available at* https://www.ca7.uscourts.gov/Pattern_Jury_Instr/7th_criminal_jury_instr.pdf. To that extent, the government's request to prevent Thomas from interposing his own definition is well taken. *See United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) ("Judges' and lawyers' attempts to inject other amorphous catch-phrases into the 'reasonable doubt' standard, such as 'matter of the highest importance,' only muddy the water. . . . Trial counsel may argue that the government has the burden of proving the defendant's guilt 'beyond a reasonable doubt,' but *they may not attempt to define 'reasonable doubt.'*") (emphasis in original). Of course, by granting this motion, Thomas is not prevented from stating in openings and arguing the government

3

cannot and has not met its burden of proof beyond a reasonable doubt. It is only the *definition* that is off-limits.

### H. Duplicate of dkt. #144 (dkt. #145)

This is a duplicate of the previous motion. The ruling as to the previous motion will stand.

### I. Exclude Testimony and Argument as to Possible Penalties (dkt. #146)

The government also asks that the court preclude testimony and argument about the possible penalties to which Thomas would be subject if found guilty, as that is a question for the court, not the jury. Since the question for the jury is guilt or innocence, not punishment, this motion will be granted.

## II. Government's Intent to Offer Certain Evidence (dkt. #148)

### a. Notice of Prior Convictions

Although it is not docketed as a formal motion, the government noted that it intends to offer prior felony convictions against Thomas under Federal Rule of Evidence 609(a)(1), which provides that evidence of criminal conviction for the purpose of attacking a witness's character for truthfulness "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(b). The government currently intends to impeach with three convictions: (1) 2010-CF-735, charge of manufacture/deliver heroin (<3g); (2) 2004-CF-1788, charge of possession of THC with

4

intent to distribute (>200-300g); and (3) 2004-CF-1788, possession of cocaine with intent to distribute (>5-15g).  (Gov. Br. (dkt. #169 ) 16.)

Should Thomas take the stand, this exception to the general rule excluding past criminal convictions would seem to apply to each of the felony convictions under Fed. R. Evid. 609(b), unless:  (1) more than ten years have passed since the conviction or release from confinement for the conviction, whichever is later; or (2) the prejudicial effect outweighs its probative value.  As for timeliness, each conviction meets the timeliness requirements.  Here, the real problem is with the likelihood that the jury will view evidence of such similar conduct as propensity, even with a limiting instruction.  Indeed, the nature of the crimes for which Thomas has been convicted is so similar that a limitation instruction is unlikely to overcome the substantial prejudice.  Accordingly, while the court will allow impeachment with (and if denied, proof of) the three prior felony convictions, the government is not to refer to or otherwise disclose the specific nature of these convictions unless the court rules that the defense has opened the door.

   b.  Co-Conspirator Statements

The government also intends to offer the statements of Thomas's co-conspirators under Fed. R. Evid. 801(d)(2)(E), which excludes from the definition of hearsay statements that are offered against the opposing party and were "made by the party's coconspirator during and in furtherance of the conspiracy."  Specifically, the U.S. plans to present the statements of "co-conspirators" Anita Andrews and Porcha Bell.  In a summary of anticipated evidence in its trial brief (pp. 2-5), and again in an oral proffer at the final pretrial hearing, see *United States v. Cruz-Rea*, 626 F.3d 929, 937 (7th Cir.

5

2010); *United States v. Santiago*, 582 F.2d 1128, 1143 (7th Cir. 1978), the government has satisfied its obligation to establish by a preponderance of the evidence that: (1) a conspiracy to distribute heroin existed; (2) these individuals and the defendant were members of that conspiracy; and (3) the proffered statements were made during the course of, and in furtherance of, the conspiracy.

III.     **Thomas's Motions in Limine (dkt. ##154-58)**

Thomas also has five motions in limine pending, all of which are granted without objection subject to the limited qualifications below.

- Exclude reference to or use of physical evidence not previously disclosed to defense counsel (dkt. #154);

- Exclude any hearsay testimonial statement that violates *Crawford v. Washington*, 541 U.S. 36 (dkt. #155);

- Exclude previous statements by Thomas not already disclosed by the government (dkt. #156);

- Exclude any statements that are not supported by or properly inferred from the evidence or any suggestion that additional inculpatory evidence exists that was not presented at trial (dkt. #157) consistent with the Federal Rules of Evidence; and

- Preclude the government from generally referring to Thomas other than by his full name; his surname preceded by "Mr." or the legal label "defendant" (dkt. #158), except as he may have been referred to: (1) mistakenly by witnesses or in documents as "Thompson" or other names; or (2) by nicknames or other terms.

ORDER

IT IS ORDERED that:

1. The government's motions in limine (dkts. ##138, 139, 140, 141, 142, 143, 144, 146) are GRANTED as set forth above.

2. The government's duplicate motion (dkt. #145) is DENIED as moot.

3. Defendant Melvin Thomas's motions in limine (dkts. ##154, 155, 156, 157, 158) are GRANTED as set forth above.

4. The government's requests to present evidence of defendant's prior felony convictions and statements of co-conspirators are GRANTED subject to the limitations discussed above.

Entered this 14th day of May, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge